No. 2937

Second Circuit

(Second Division)

## J. W. FURRH MERCANTILE CO. v. JETER

———

(April 9, 1931. Opinion and Decree.)

———

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J. Plaintiff seeks to recover judgment against the defendant for $221 under the following alleged state of facts, to-wit:

(1) That plaintiff loaned a Bain Special wagon to one C. H. Hensly in the fall of 1925, of the value of $140, in order to enable said Hensly to move a crop of cotton to gin, and that said Hensly without legal right or justification delivered said wagon to defendant who is in possession of same.

(2) That plaintiff held a recorded crop lien and pledge against the corn produced by said Hensly during the year 1925, and that he delivered to defendant eighty-one barrels of the corn covered by said lien and pledge, of the value of $81, which has been consumed by the defendant; that at the time of delivery of said corn to defendant said crop lien was in full force and effect and attached thereto; that immediately following delivery of said corn and said wagon by said Hensly to defendant, petitioner's agent notified him of petitioner's ownership of said wagon and lien on said corn, but that defendant refused to recognize such rights, had consumed the corn and was using said wagon.

(3) In the alternative, plaintiff alleges that should the court hold that he is not entitled to recover the value of the wagon converted by defendant, but entitled to the wagon itself, in that event plaintiff should be awarded judgment for $90, being the amount of depreciation in value of said wagon while being used by said defendant.

Defendant denies practically all of the matters of fact alleged upon by plaintiff, and, further answering, says:

That plaintiff is engaged in a general mercantile business and handles wagons and farm implements; that said Hensly was a customer of plaintiff and owed him a large account; that said Hensly had rented certain property from defendant for the year 1925, but that he had been notified that he was no longer desired as a tenant, and, "as said Hensly was leaving he sold and delivered a wagon to defendant, which had been used for some time,"

and at the same time defendant purchased some corn from Hensly which was stored in a building on defendant's land, mixed and confused with other corn of like and similar nature.

Defendant admits that he paid $115 for the wagon and $81 for the corn, and further alleges that he knew nothing of the claims or rights of plaintiff in and to said purchased property; and that he bought in good faith, the seller having apparent ownership.

Defendant specially pleaded that plaintiff was estopped from asserting that the said wagon was not sold and delivered to said Hensly by reason of the facts set forth in the answer. Judgment was rendered by the district court in favor of plaintiff for $115, presumably the value of the wagon in controversy. Defendant has appealed. Plaintiff has not answered the appeal, but in brief asks that said judgment be affirmed.

We are satisfied the lower court rejected plaintiff's demand for the value of the corn sued for and found defendant liable for the value of the wagon which he admits purchasing from Hensly for $115, and as no amendment of the judgment is prayed for by appellee, but an affirmance thereof, we shall confine ourselves solely to a consideration of the controversy over the wagon.

The evidence is virtually uncontradicted that plaintiff loaned Hensly the wagon at the time and for the purpose alleged. One reason for doing so was to enable him to haul his cotton to the gin and another was that by so doing Hensly would gin the cotton at plaintiff's gin.

When plaintiff became aware that Hensly had moved away and that defendant had purchased the corn and was in possession of the wagon, he sent his agent to defendant to notify him of his ownership of the wagon and lien against the corn. Defendant declined to pay for the corn or release the wagon.

Defendant contends that as plaintiff delivered the wagon to Hensly, and permitted him to retain possession of it with all the indicia of ownership, that he is estopped to gainsay that Hensly did own the wagon, or did have the right to deliver good title thereto to an innocent purchaser. In support of this position, the case of Norwalk Iron Works v. West (Manning's Unreported Cases) is cited. Only the syllabus of this case appears in the book, page 171, and is as follows:

"However indisputable were the intentions of the owner not to surrender his ownership, when he has surrendered the possession and exhibited the person who has that possession to the world as one having the power to dispose of the property, he will not be heard against an honest buyer who had acted upon the confidence imprudently reposed by the owner."

We have no criticism to make of the doctrine laid down in the foregoing, but the facts of that case, as reflected from the syllabus, are not the same as those of the case under consideration. There is no evidence in the record tending in the least to show that plaintiff told any one that the wagon belonged to Hensly, or held him out to the world as being such owner, or that he was invested with power to sell same.

Defendant also urges that where one of two innocent persons must suffer, the loss is placed on him whose negligence made it possible for the loss to occur. Citing Louisiana Digest, vol. III, p. 98, par. 34.

We assume the negligence defendant would impute to plaintiff lies in the fact

that Hensly was permitted to retain possession of the wagon for some time after the harvesting season had ended. This, as subsequent developments proved, was imprudent from a business standpoint, but not negligence of such character to effect a change in ownership of the wagon, or invest Hensly with the power to transmit good title to a purchaser, however innocent; nor was it sufficient to estop plaintiff from asserting ownership to the property against a bona fide purchaser.

The judgment appealed from is affirmed.